**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANTHONY TUCKER, CARLO EASTIN, DARIUS PALMER, JAMES MOORE, LAMAR ISIDORE, AND PURNELL RUSSELL,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. 2:24-cv-00952-GGG-MBN** |
| **CARVANA LLC D/B/A CARVANA, LLC OF ARIZONA,** | **Judge Greg G. Guidry**<br>**Magistrate Judge Michael B. North** |
| **Defendant.** | **Complaint Filed: April 16, 2024** |

## DEFENDANT CARVANA LLC D/B/A CARVANA, LLC OF ARIZONA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT, OR, IN THE ALTERNATIVE, STAY THE CASE AND COMPEL ARBITRATION

Ryan Griffitts
Louisiana Bar No. 24801
rgriffitts@littler.com
Barbi McClennen Lorenz
*Admission Pro Hac Vice Pending*
Texas Bar No. 24102171
blorenz@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
Telephone: 214.880.8101
Facsimile: 214.880.0181

ATTORNEY FOR DEFENDANTS
CARVANA LLC D/B/A CARVANA, LLC
OF ARIZONA

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alford v. Dean Witter Reynolds, Inc.*,
   975 F.2d 1161 (5th Cir. 1992) ..................................................................7

*Allied-Bruce Terminix Cos. v. Dobson*,
   513 U.S. 265 (1995)..................................................................................6

*American Heritage Life Ins. Co. v. Lang*,
   321 F.3d 533 (5th Cir. 2003) ..................................................................8

*Anderson v. Waffle House, Inc.*,
   920 F. Supp. 2d 685,695 (E.D. La. 2013) ..............................................7

*Circuit City Stores, Inc. v. Adams*,
   532 U.S. 105 (2001)................................................................................10

*First Options of Chicago, Inc. v. Kaplan*,
   514 U.S. 938 (1995)..................................................................................8

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991)..............................................................................6, 10

*Hadnot v. Bay, Ltd.*,
   344 F.3d 474 (5th Cir. 2003) ..................................................................7

*Miller v. Pub. Storage Mgmt.*,
   121 F.3d 215 (5th Cir. 1997) ..............................................................6, 10

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)......................................................................................6

*Planet Beach Franchising Corp. v. Richey*,
   623 F. Supp. 2d 735 (E.D. La. 2008) ......................................................9

*Primerica Life Ins. Co. v. Brown*,
   304 F.3d 469 (5th Cir. 2002) ..................................................................6

*Quinn v. EMC Corp.*,
   109 F. Supp. 2d 681 (S.D. Tex. 2000) ..............................................7, 11

*Rent-A-Center, West, Inc. v. Jackson*,
   561 U.S. 63 (2010)................................................................................2, 6

i.

*Richard v. Flowers Foods, Inc.*,
  No. CV 6:15-2557, 2017 WL 11675565 (W.D. La. Dec. 4, 2017) ........................................11

*Rogers v. Brown*,
  986 F. Supp. 354 (M.D. La. 1997) ...........................................................................................8

*Rojas v. TK Communications, Inc.*,
  87 F.3d 745 (5th Cir. 1996) .....................................................................................................10

*Sinners & Saints, L.L.C. v. Noire Blanc Films, L.L.C.*,
  937 F. Supp. 2d 835 (E.D. La. 2013) ........................................................................................8

*Smith v. Spizzirri*,
  144 S. Ct. 1173 (2024).............................................................................................................12

*Velazquez v. Brand Energy & Infrastructure Servs., Inc.*,
  781 F. Supp. 2d 370 (W.D. La. 2011)....................................................................................7, 8

*Washington Mut. Fin. Group, LLC v. Bailey*,
  364 F.3d 260 (5th Cir. 2004) ....................................................................................................8

*Will-Drill Res., Inc. v. Samson Res. Co.*,
  352 F.3d 211 (5th Cir. 2003) ............................................................................................7, 8, 10

*Williams v. Cigna Fin. Advisors, Inc.*,
  56 F.3d 656 (5th Cir. 1995) .................................................................................................10, 11

**Statutes**

Americans with Disabilities Act of 1990 (ADA) ............................................................................7

Civil Rights Act of 1964 Title VII .................................................................................................6

Family and Medical Leave Act of 1993 (FMLA)..........................................................................7

Federal Arbitration Act (FAA) .................................................................................2, 6, 9, 11, 12

Title VII ..................................................................................................................................6, 7, 9

**Other Authorities**

Federal Rules of Civil Procedure Rule 12 ......................................................................................1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANTHONY TUCKER, CARLO EASTIN, DARIUS PALMER, JAMES MOORE, LAMAR ISIDORE, AND PURNELL RUSSELL,** | |
| **Plaintiff,** | **Case No. 2:24-cv-00952-GGG-MBN** |
| **vs.** | |
| **CARVANA LLC D/B/A CARVANA, LLC OF ARIZONA,** | **Judge Greg G. Guidry** **Magistrate Judge Michael B. North** |
| **Defendant.** | **Complaint Filed: April 16, 2024** |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT, OR, IN THE ALTERNATIVE, STAY THE CASE AND COMPEL ARBITRATION

Defendant CARVANA LLC D/B/A CARVANA, LLC OF ARIZONA[1] ("Defendant" and "Carvana") hereby move for an order compelling Plaintiffs Anthony Tucker, Carlo Eastin, Darius Palmer, James Moore, Lamar Isidore, And Purnell Russell to individually arbitrate the claims raised in their Complaint and dismissing (or in the alternative, staying) this action pursuant to Rule 12 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Louisiana, and the valid and enforceable arbitration agreements ("Arbitration Agreements") between each individual Plaintiff and Defendant. Specifically, the Arbitration Agreements at issue require each Plaintiff to arbitrate all claims arising from their employment with Carvana, including those alleged in their Complaint.

## INTRODUCTION AND REASONS FOR MOTION

Plaintiffs are precluded from pursuing their claims in court because they each entered into identical mutually enforceable Arbitration Agreements with Defendant, in which they agreed to arbitrate all disputes against Carvana.

The United States Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson* reiterates the long line of cases from the Supreme Court upholding arbitration in the employment context. 561 U.S. 63 (2010). Among the core concepts addressed was the requirement that arbitration agreements be "enforce[d] according to their terms." *Id*. at 67. That means where, as here, an arbitration agreement governed by the Federal Arbitration Act covers a dispute, resolving that dispute is exclusively committed to the arbitral forum. The claims in Plaintiffs' Complaint are within the scope of the Arbitration Agreements; therefore, this action should be dismissed or stayed and the matter compelled to arbitration.

Additionally, in *Rent-A-Center, West, Inc. v. Jackson,* the United States Supreme Court made clear that, where the parties clearly and unmistakably delegated authority to the arbitrator to decide the plaintiff's challenge to enforceability in the first instance, that issue must be left to arbitrator. 561 U.S. at 68-72.

Plaintiffs are precluded from pursuing their claims in court because of their written agreements to submit their claims to binding arbitration in individual arbitration proceedings. Defendant respectfully requests that the Court dismiss the case and compel Plaintiffs' claims to individual arbitration.

## I.
## BACKGROUND

Each of the six plaintiffs executed mutually binding and enforceable arbitration agreements (all identical – and discussed more fully below) during their employment with Carvana and continued their employment thereafter, as follows:

Plaintiff Tucker was employed by Carvana from approximately June 2021 through his voluntary resignation on or about January 25, 2023. On July 12, 2021, Tucker signed and agreed

---

[1] The correct name of Defendant is Carvana, LLC.

2.

to the terms of a mutually enforceable arbitration agreement. Ex. 1, Pompe Decl., ¶6, Ex. A at ¶1, Ex. B. Tucker had the opportunity to opt out of the agreement, but he did not do so. Ex. 1, Pompe Decl., ¶ 16-17.

Plaintiff Eastin was employed by Carvana from approximately February 2022 through his termination on or about August 22, 2022. On February 14, 2022, Eastin signed and agreed to the terms of a mutually enforceable arbitration agreement. Ex. 1, Pompe Decl., ¶7, Ex. A at ¶1, Ex. C. Eastin had the opportunity to opt out of the agreement, but he did not do so. Ex. 1, Pompe Decl., ¶ 16-17.

Plaintiff Palmer was employed by Carvana from approximately January 2022 through his termination on or about August 4, 2022. On January 11, 2022 Palmer signed and agreed to the terms of a mutually enforceable arbitration agreement. Ex. 1, Pompe Decl., ¶8, Ex. A at ¶1, Ex. D. Palmer had the opportunity to opt out of the agreement, but he did not do so. Ex. 1, Pompe Decl., ¶ 16-17.

Plaintiff Moore was employed by Carvana from approximately January 2022 through his termination on or about February 22, 2023. On January 5, 2022, Moore signed and agreed to the terms of a mutually enforceable arbitration agreement. Ex. 1, Pompe Decl., ¶9, Ex. A at ¶1, Ex. E. Moore had the opportunity to opt out of the agreement, but he did not do so. Ex. 1, Pompe Decl., ¶ 16-17.

Plaintiff Isidor was employed by Carvana from approximately February 2022 through his termination on or about February 25, 2023. On February 9, 2022, Isidor signed and agreed to the terms of a mutually enforceable arbitration agreement. Ex. 1, Pompe Decl., ¶10, Ex. A at ¶1, Ex. F. Isidor had the opportunity to opt out of the agreement, but he did not do so. Ex. 1, Pompe Decl., ¶ 16-17.

Plaintiff Russell was employed by Carvana from approximately February 2022 through his termination on or about June 17, 2022. On February 16, 2022, Russell signed and agreed to the terms of a mutually enforceable arbitration agreement. Ex. 1, Pompe Decl., ¶11, Ex. A at ¶1, Ex. G. Russell had the opportunity to opt out of the agreement, but he did not do so. Ex. 1, Pompe Decl., ¶ 16-17.

The Arbitration Agreements requires binding arbitration of all employment disputes. Specifically, Paragraph 1 of the Arbitration Agreements state that it applies to:

> any covered dispute or claim that Plaintiff might have against the Company and/or any of its "officers, directors, members, or agents, parent, subsidiaries and affiliates, future affiliates, predecessors, successors, or assigns, each and all of which may enforce this Agreement as a direct or third-party beneficiary." *Id*., Ex. A at ¶1.

With respect to the claims covered under the Arbitration Agreements, Plaintiffs specifically agreed to arbitrate claims based upon or related to: "discrimination, harassment, retaliation, defamation (including post-employment defamation or retaliation), breach of contract or covenant, privacy, fraud, negligence, breach of fiduciary duty, trade secrets, unfair competition*,* wages, minimum wage and overtime or other compensation or any monies claimed to be owed, meal breaks and rest periods, seating, termination," as well as claims based on "state statutes or regulations addressing the same or similar subject matters, any and call claims for violation of. . . state or other governmental law, statute, regulation, or ordinance." Ex. 1, Pompe Decl., ¶5, Ex. A at ¶1.

Additionally, the Arbitration Agreements unequivocally state that it "is intended to be as broad as legally permissible and, except as it otherwise provides, applies to all claims or controversies, past, present, or future, including without limitation, claims ***arising out of or related to [Plaintiff's]. . . employment***, that otherwise would be resolved in a court of law or

before a forum other than arbitration" and that it "applies to any covered dispute or claim that the Company may have against [Plaintiff] or that [Plaintiff] may have against the Company[.]" *Id*. (emphasis added).

Further, signing the Arbitration Agreements was not a condition of Plaintiffs' respective employment with Carvana, as the Arbitration Agreements expressly state that it "is not a mandatory condition of employment." *Id*., Ex. A at ¶4. In fact, Plaintiffs' decisions "to be bound or not be bound by th[e] agreement is entirely voluntary" and unambiguously instructed Plaintiffs that they had the right to consult an attorney. *Id*. The Arbitration Agreements also provides the process by which Plaintiffs could opt out and states that, if Plaintiffs chose to opt out, they would not be subject to any adverse employment action but if they did not opt out then the employee and the Company will be required to arbitrate all covered claims and disputes. *Id*. None of the six plaintiffs in this case chose to opt out of the Agreements. Ex. 1, Pompe Decl., ¶ 16-17.

Additionally, the Arbitration Agreements explicitly state that claims must be arbitrated on an individual basis only. Thus, Plaintiffs are required to file for individual arbitration proceedings. The Agreements state: "the Company and I agree to bring any claim on an individual basis only. Accordingly, THE COMPANY AND I WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED, OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION AND THE ARBITRATOR WILL HAVE NO AUTHORITY TO HEAR OR PRESIDE OVER ANY SUCH CLAIM ("Class Action Waiver"). *Id*., Ex. A at ¶5. Accordingly, this case must not only be compelled to arbitration, but Plaintiffs must be compelled to arbitrate their claims individuals in separate proceedings.

Plaintiffs either resigned their employment or were terminated with Carvana on the respective dates listed above. They collectively filed their Complaint on April 16, 2024, alleging violations of §1981, and Title VII of the Civil Rights Act of 1964 ("Title VII") against Carvana. Plaintiffs' claims fall squarely within the scope of the Agreements and must be submitted to binding arbitration. Additionally, Plaintiffs clearly and unmistakably agreed that any challenges they have to the enforceability or applicability of the Agreements must be decided by the arbitrator—not the Court. *Id.,* Ex. A at ¶1; *See Rent-A-Center, West, Inc. v. Jackson, supra.*

## II.
## ARGUMENT AND AUTHORITIES

### A.    APPLICABLE LAW REGARDING ARBITRATION

The Federal Arbitration Act ("FAA") provides that "a written provision in any . . . contract . . . involving commerce to settle by arbitration a controversy thereafter arising . . . *shall be valid, irrevocable, and enforceable*, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (emphasis added). Congress enacted the FAA to overcome courts' reluctance to enforce arbitration agreements. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995). The FAA not only placed arbitration agreements on equal footing with other contracts, but also established a strong federal policy in favor of arbitration. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (noting that the FAA manifests a liberal federal policy favoring arbitration agreements). This policy is so significant that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. . . ." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

Moreover, federal courts routinely compel arbitration of a broad range of employment-related claims, including the type raised in Plaintiffs' Complaint. *See, e.g., Miller v. Pub.*

*Storage Mgmt.*, 121 F.3d 215, 219 (5th Cir. 1997) (holding that ADA claims are subject to mandatory arbitration); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1165 (5th Cir. 1992) (finding Title VII claims subject to arbitration provision contained in securities registration application); *Quinn v. EMC Corp.*, 109 F. Supp. 2d 681 (S.D. Tex. 2000) (compelling plaintiff's ADA, FMLA, and TCHRA claims to arbitration); *Anderson v. Waffle House, Inc.,* 920 F. Supp. 2d 685,695 (E.D. La. 2013) (granting a motion to compel arbitration with regard to Title VII claims as well as Louisiana state law claims); *Velazquez v. Brand Energy & Infrastructure Servs., Inc.,* 781 F. Supp. 2d 370, 378 (W.D. La. 2011) (adopting a magistrate judge's recommendation to compel Title VII and Louisiana state law claims).

## B.    PLAINTIFFS' CLAIMS ARE SUBJECT TO BINDING ARBITRATION

When adjudicating a motion to compel arbitration, courts engage in a two-step inquiry. *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 476 (5th Cir. 2003) (affirming the lower court's order compelling arbitration of the plaintiff's Title VII claims).  "First, the court must determine whether the parties agreed to arbitrate the dispute." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003).  Second, and only once the court finds that the parties agreed to arbitrate the dispute, the court "must consider whether any federal statute or policy renders the claims non-arbitrable." *Id*. (quoting *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992)).

### 1.    Plaintiffs Each Agreed to Arbitrate This Dispute

When resolving the first inquiry – that is, whether the parties agreed to arbitrate the dispute – the court will consider two factors: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question is covered by the valid agreement.

*Id.*; *see also American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003). Both conditions are met in this case.

a.    <u>Valid Arbitration Agreements Exist</u>

In determining whether a binding arbitration exists, courts apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Will-Drill*, *supra*, 352 F.3d at 214; *see also Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004); *Sinners & Saints, L.L.C. v. Noire Blanc Films, L.L.C.,* 937 F. Supp. 2d 835, 846 (E.D. La. 2013) (quoting *Will-Drill ,* 352 F.3d at 214) ("In determining whether an agreement to arbitrate exists, [courts] apply ʻordinary contract principles.ʼ"); *Rogers v. Brown,* 986 F. Supp. 354, 358 (M.D. La. 1997) ("When deciding whether a binding agreement to arbitrate exists between the parties, the Court must consider state-law principles governing the formation of contracts.").

Here, Plaintiffs agreed to the terms of the Arbitration Agreements, including arbitration of their employment claims when they signed the Agreements and accepted continued employment.    *See Velazquez v. Brand Energy & Infrastructure Serv. Inc.*, 781 F. Supp. 2d 370, 376 (W.D. La. 2011) (Where plaintiffs signed applications for employment which contained the agreement for arbitration if the applications were accepted and the plaintiffs put to work, "plaintiffs signed the [arbitration] agreements as a condition of employment, and employment [is] a valid cause of [a] contract."). Plaintiffs each had the opportunity to opt out, but did not do so, and continued their employment with Carvana. Ex. 1, Pompe Decl., ¶ 16-17. Consequently, Plaintiffs agreed to the terms of the Arbitration Agreements.

     b.     <u>Plaintiffs' Claims Fall Within the Scope of the Arbitration Agreements</u>

Plaintiffs' Complaint alleges violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, violations of 42 U.S.C. § 2000e *et seq.,* and violations of 42 U.S.C. § 1981 *et seq.* ("Title VII"), including alleged discrimination and retaliation related to their employment and alleged constructive or wrongful termination, and intentional infliction of emotional distress arising out of their employment.  Plaintiffs agreed to arbitrate claims based upon or related to "discrimination, harassment, retaliation, defamation (including post-employment defamation or retaliation), breach of contract or covenant, privacy, fraud, negligence, breach of fiduciary duty, trade secrets, unfair competition, wages, minimum wage and overtime or other compensation or any monies claimed to be owed, meal breaks and rest periods, seating, termination," as well as claims based on "state statutes or regulations addressing the same or similar subject matters, any and call claims for violation of. . . state or other governmental law, statute, regulation, or ordinance." Ex. 1, Pompe Decl., ¶5, Ex. A at ¶1.

Additionally, the Arbitration Agreements unequivocally state that it "is intended to be as broad as legally permissible and, except as it otherwise provides, applies to all claims or controversies, past, present, or future, including without limitation, claims arising out of or related to [Plaintiff's]. . . employment, that otherwise would be resolved in a court of law or before a forum other than arbitration" and that it "applies to any covered dispute or claim that the Company may have against [Plaintiffs] or that [Plaintiffs] may have against the Company[.]" *Id.*

Because all of Plaintiffs' claims come within the scope of the Arbitration Agreements, their claims must be individually compelled to arbitration.  *See Planet Beach Franchising Corp. v. Richey*, 623 F. Supp. 2d 735, 738 (E.D. La. 2008) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) ("The Supreme Court has explained that the [FAA] 'leaves no place

for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'").

**2.      Plaintiffs' Claims Are Not Rendered Non-Arbitrable By Any Federal Statute or Policy**

Once a court determines that the parties agreed to arbitrate their dispute, it must next consider whether any federal statute or policy renders the dispute non-arbitrable.  *Will-Drill*, *supra*, 352 F.3d at 214.  In other words, the dispute is subject to arbitration unless Congress evinced some intention to preclude the parties from waiving their judicial remedies.  *See Gilmer*, 500 U.S. at 26; *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995).  It is well-settled that agreements to arbitrate employment-related disputes are enforceable.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001); *Miller v. Public Storage Mgmt., Inc.*, 121 F.3d 215, 217-18 (5th Cir. 1997); *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 747-48 (5th Cir. 1996).

**3.      Plaintiffs Agreed That Issues Of Enforceability Would Be Decided By The Arbitrator**

To the extent Plaintiffs challenge the enforceability of the Arbitration Agreements, the Agreements provide that "The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, scope, applicability, enforceability, or waiver of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable." Ex. 1, Pompe Decl., Ex. A at ¶1.  Consequently, the parties expressly agreed to delegate the question of enforceability of the Arbitration Agreements to the arbitrator.

4. **Pursuant to the Terms of the Arbitration Agreements, Each Plaintiff Must Pursue Arbitration Individually**

The Arbitration Agreements all expressly state that arbitrations initiated pursuant to the Agreements must be instituted on an individual basis, not a class or collective basis. Ex. 1, Pompe Decl., Ex. A at ¶5. In the Fifth Circuit, arbitration agreements containing class action waivers are clearly enforceable. *See Richard v. Flowers Foods, Inc.,* No. CV 6:15-2557, 2017 WL 11675565, at *5 (W.D. La. Dec. 4, 2017) (citing *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 357-360 (5th Cir. 2013) (finding the use of class action procedures is not a substantive right and that denying the enforcement of a class action waiver in an otherwise enforceable arbitration agreement violates the FAA. Absent a clear pronouncement from Congress to the contrary, a valid arbitration agreement governed by the FAA must be enforced according to its terms.); *Carter v. Countrywide Credit Indus., Inc.,* 362 F.3d 294, 297-98 (5th Cir. 2001) (holding that the collective action procedure can be waived pursuant to an arbitration agreement); *Dismuke v. McClinton,* 2016 WL 6122763, at *1 (5th Cir. 2016) (accord)).

5. **The Instant Action Should Be Dismissed, or in the Alternative, Stayed**

It is settled that "when an issue is referable to arbitration pursuant to a written agreement, the district court must stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant is not in default in proceeding with such arbitration." *Williams*, *supra*, 56 F.3d at 659; *Quinn*, *supra*, 109 F. Supp. 2d at 683.   Indeed, this principle is echoed by the express language of the FAA.  *See* 9 U.S.C. § 3.  Absent a request for a stay, pending arbitration, where a district court determines that all of a plaintiff's claims are properly subject to arbitration, the court may dismiss, rather than stay, an action.  However, when a federal court finds that a dispute is subject to arbitration under the FAA, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to

11.

dismiss the suit on the basis that all the claims are subject to arbitration; rather, the FAA compels the court to stay the proceeding. *See Smith v. Spizzirri*, 144 S. Ct. 1173 (2024).

Here, the parties have valid arbitration agreements that encompasses each and every claim Plaintiffs purport to assert against Carvana, and no federal statute or policy renders the disputes non-arbitrable. Accordingly, dismissal of the action is appropriate. *Id.*

Alternatively, Defendant requests that this action be stayed pending the outcome of the arbitrations.

### III.
### CONCLUSION

The Arbitration Agreements at issue are valid and binding on the parties. Plaintiffs' claims all fall within the scope of the agreements. No federal statute or policy renders Plaintiffs' claims non-arbitrable. Accordingly, Defendant respectfully requests that the Court grant its Motion and dismiss the instant action, compelling Plaintiffs to arbitrate their claims in individual arbitration proceedings. Alternatively, Defendant asks that the case be stayed pending the outcome of the arbitrations.

Dated: July 8, 2024

Respectfully submitted,

*/s/ Ryan Griffitts*

Ryan Griffitts
Louisiana Bar No. 24801
rgriffitts@littler.com
Barbi McClennen Lorenz
*Admission Pro Hac Vice Pending*
Texas Bar No. 24102171
blorenz@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX  75201-2931
Telephone:  214.880.8100
Facsimile:  214.880.0181

Attorneys for Defendant
CARVANA LLC D/B/A CARVANA, LLC
OF ARIZONA

## **CERTIFICATE OF CONFERENCE**

On July 3, 2024, counsel for Defendant conferred with Counsel for Plaintiffs via telephone and Counsel for Plaintiff's indicated that all but one of the Plaintiffs were willing to submit this matter to binding arbitration, accordingly the undersigned counsel understand that Plaintiffs have not collectively consented to this Motion, and we therefore consider them to be opposed.

_/s/ Barbi McClennen Lorenz_
Barbi McClennen Lorenz


## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing _Defendant Carvana LLC d/b/a Carvana, LLC of Arizona's Memorandum in Support of Its Motion to Dismiss Complaint, or, in the Alternative, Stay the Case and Compel Arbitration_ was served on July 8, 2024, by ELECTRONIC FILING through the court's electronic filing system upon:

Christopher A. Minias (#36230)
THE MINIAS LAW FIRM
1615 Poydras Street
Suite 900
New Orleans, LA 70112
chris@miniaslaw.com

_/s/ Ryan Griffitts_
Ryan Griffitts

4886-2511-2508.1 / 103092-1139

# EXHIBIT 1

DocuSign Envelope ID: 51DCE74D-E7C4-4811-8844-DDCA5B9D5AC0

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY TUCKER, CARLO EASTIN, DARIUS PALMER, JAMES MOORE, LAMAR ISIDORE, AND PURNELL RUSSELL, | |
| **Plaintiff,** | |
| vs. | Case No. 2:24-cv-00952-GGG-MBN |
| CARVANA LLC D/B/A CARVANA, LLC OF ARIZONA, | Judge Greg G. Guidry<br>Magistrate Judge Michael B. North |
| **Defendant.** | Complaint Filed: April 16, 2024 |

## DECLARATION OF JESSICA POMPE

I, Jessica Pompe, hereby declare as follows:

1.      I am the People Systems Manager for Carvana, LLC and each and all of its subsidiaries (collectively, the "Company"). In my role, I provide and oversee Human Resources Information System ("HRIS") services for the employee onboarding process, and recruiting, for the Company. I have been employed by Carvana, LLC, in this role, since April 2024. I make this declaration in support of Defendant Carvana, LLC's ("Defendant") Motion to Compel Arbitration. Except as otherwise stated, I have personal knowledge of the facts in this declaration and, if called as a witness, I could and would competently testify thereto.

2.      My role as People Systems Manager allows me to access the Company's current and former employees' records maintained in the ordinary scope and course of business, including their time records and wage statements.

3.      In my role as People Systems Manager, I am also familiar with and have access to Workday, a cloud-based software the Company has utilized since approximately December 2017 to administer onboarding, transmit its policies and human resources documents to employees, and

DocuSign Envelope ID: 51DCE74D-E7C4-4811-8844-DDCA5B9D5AC0

to maintain electronic personnel files and data. The Company regularly tests Workday to ensure that it is calibrated to provide the same processes for all employees, including those employed by Carvana, LLC.

4.      Accordingly, I have reviewed employee and Workday records for Plaintiffs Anthony Tucker, Carlo Eastin, Darius Palmer, James Moore, Lamar Isidore, and Purnell Russell (collectively "Plaintiffs").

5.      Plaintiffs were all provided onboarding documents at the beginning of their respective periods of employment, including a "Mutual Arbitration Agreement" ("Arbitration Agreement"). Attached hereto as **Exhibit A** is a true and correct copy of the identical Arbitration Agreement, acknowledged by each Plaintiff, as attested below.

6.      Plaintiff Anthony Tucker's ("Plaintiff Tucker") employee records reflect that he was employed by Carvana, LLC as a Lot Attendant in Hammond, Louisiana from June 14, 2021 to January 25, 2023. His Workday records confirm that he acknowledged the Company's Arbitration Agreement on July 12, 2021 at 6:29 a.m. through the Workday account he set up with his unique login and password. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff Tucker's records in Workday, which indicate the date and time when Plaintiff Tucker acknowledged the Arbitration Agreement.

7.      Plaintiff Carlo Eastin's ("Plaintiff Eastin") employee records reflect that he was employed by Carvana, LLC as a Customer Advocate I in Hammond, Louisiana from February 21, 2022 to August 8, 2022. His Workday records confirm that he acknowledged the Company's Arbitration Agreement on February 14, 2022 at 8:49 a.m. through the Workday account he set up with his unique login and password. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff Eastin's records in Workday, which indicate the date and time when Plaintiff Eastin

DocuSign Envelope ID: 51DCE74D-E7C4-4811-8844-DDCA5B9D5AC0

acknowledged the Arbitration Agreement.

8.  Plaintiff Darius Palmer's ("Plaintiff Palmer") employee records reflect that he was employed by Carvana, LLC as a Customer Advocate I in Hammond, Louisiana from January 18, 2022 to August 4, 2022. His Workday records confirm that he acknowledged the Company's Arbitration Agreement on January 11, 2022 at 11:55 a.m. through the Workday account he set up with his unique login and password. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff Palmer's records in Workday, which indicate the date and time when Plaintiff Palmer acknowledged the Arbitration Agreement.

9.  Plaintiff James Moore's ("Plaintiff Moore") employee records reflect that he was employed by Carvana, LLC as a Customer Advocate II in Hammond, Louisiana from January 10, 2022 to February 22, 2023. His Workday records confirm that he acknowledged the Company's Arbitration Agreement on January 5, 2022 at 1:18 p.m. through the Workday account he set up with his unique login and password. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff Moore's records in Workday, which indicate the date and time when Plaintiff Moore acknowledged the Arbitration Agreement.

10. Plaintiff Lamar Isidore's ("Plaintiff Isidore") employee records reflect that he was employed by Carvana, LLC as a Customer Advocate II in Hammond, Louisiana from February 21, 2022 to February 25, 2023. His Workday records confirm that he acknowledged the Company's Arbitration Agreement on February 9, 2022 at 3:17 p.m. through the Workday account he set up with his unique login and password. Attached hereto as **Exhibit F** is a true and correct copy of Plaintiff Isidore's records in Workday, which indicate the date and time when Plaintiff Isidore acknowledged the Arbitration Agreement.

11. Plaintiff Purnell Russell's ("Plaintiff Russell") employee records reflect that he was

DocuSign Envelope ID: 51DCE74D-E7C4-4811-8844-DDCA5B9D5AC0

employed by Carvana, LLC as a Customer Advocate I in Hammond, Louisiana from February 16, 2022 to June 17, 2022. His Workday records confirm that he acknowledged the Company's Arbitration Agreement on February 16, 2022 at 9:52 a.m. through the Workday account he set up with his unique login and password. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff Russell's records in Workday, which indicate the date and time when Plaintiff Russell acknowledged the Arbitration Agreement.

12. Once an applicant is hired by Carvana LCC or one of its subsidiaries and passes a background check, their information is entered into Workday. Workday will then send an automatic email notification informing the newly hired employee that they need to login to complete their new hire/onboarding documents. The email notification is sent to the employee's personal email address and includes a link to Workday's secure online environment. The email also alerts the employee whether there are any tasks in Workday that are incomplete. If there are any incomplete tasks, the employee must then sign into Workday to complete them.

13. The first time an employee logs into Workday, he must use a unique identifier and password assigned by Workday at the time of hire. Once logged in, the employee may create his own password in accordance with specific security requirements regarding length and character usage. The password must also be changed periodically. There are various tasks and onboarding documents available in the Workday inbox for employees' review and acknowledgement. There are approximately one to three tasks, which includes multiple documents each. Employees must review all documents assigned in each task, then check a box to acknowledge that they have read and understand the contents of the documents. Employees may only submit their acknowledgement if they acknowledge each document assigned to them in the task. In other words, employees must review and acknowledge each document in the task before they are allowed to

DocuSign Envelope ID: 51DCE74D-E7C4-4811-8844-DDCA5B9D5AC0

submit and move on to the next task and set of documents.

14.      When an onboarding document is acknowledged by an employee, the date and time of the acknowledgement are automatically and contemporaneously recorded in the individual employee's secure Workday profile/account—which cannot be subsequently manipulated or edited. Only the individual employee and the Company's Human Resources team have access to these documents/records. Specifically, the documents are only viewable (i.e., are not editable) to the individual employee and those in the Company's Human Resources Department, who must use their "Single Sign On" credentials to access Workday's secure environment. In other words, once an employee acknowledges a document, the data regarding the time and date of the acknowledgement is permanent and may not be altered or modified by anyone.

15.      Plaintiffs also signed and acknowledged other documents in Workday, including: (1) Use of Carvana Vehicles Policy; (2) Vehicle Policy and Agreement; (3) Communication Policy; (4) ERISA Consent Form and Health Insurance Coverage Notice; (5) COVID Safety Pledge; (6) Travel and Expense Policy; (7) Photo Release Form; (8) Rules for Carvana Confidential Information; (9) Employee Handbook; and (10) Code of Conduct. *See* **Exhibit B-G**. Thus, had Plaintiffs not acknowledged their review of the Arbitration Agreement, Plaintiffs would not have been able to acknowledge their review of these other documents/policies.

16.      Employees may opt out of the Company's Arbitration Agreement by following the **"RIGHT TO OPT OUT OF THE AGREEMENT"** instructions in paragraph 4, which is titled in all-caps and in a large, bold font. *See* **Exhibit A**, ¶ 4. The opt-out provision of the Arbitration Agreement expressly states that the "Agreement is not a mandatory condition of employment" and that the employee's decision to be bound or not bound is entirely voluntary. It then unambiguously provides that "if you do not wish to be bound by this Agreement after signing it, you must send an

DocuSign Envelope ID: 51DCE74D-E7C4-4811-8844-DDCA5B9D5AC0

email to arbitration@carvana.com *within thirty (30) days of agreeing to the terms of this Agreement."* (Emphasis added). An employee who opts out of the Arbitration Agreement in accordance with the instructions in paragraph 4 "will not be subject to any adverse action" and neither the employee nor Carvana "will be bound by [the] Agreement."

17.    Without exception, Plaintiffs did not choose to opt out of the Arbitration Agreement.

PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on July 8, 2024.

*Jessica Pompe*

JESSICA POMPE

4860-8663-9565.1 / 103092-1139

# EXHIBIT A

**CARVANA**

# MUTUAL ARBITRATION AGREEMENT

This Mutual Arbitration Agreement ("Agreement") is between You ("You", "Your", "I", or "Employee") and Carvana Co., including each and all of its subsidiaries (collectively, the "Company"). All disputes covered by this Agreement will be decided by a single arbitrator through final and binding arbitration **and not by way of court or jury trial.**

1) **CLAIMS COVERED BY THE AGREEMENT:** This Agreement is intended to be as broad as legally permissible, and, except as it otherwise provides, applies to all claims or controversies, past, present, or future, including without limitation, claims arising out of or related to Your application and selection for employment, employment, and/or the termination of Your employment, that otherwise would be resolved in a court of law or before a forum other than arbitration. This Agreement applies to any covered dispute or claim that the Company may have against You or that You may have against the Company, and/or any of its:

- officers, directors, members, employees, or agents,
- parents, subsidiaries, and affiliates
- future affiliates,
- predecessors, successors, or assigns,

each and all of which may enforce this Agreement as a direct or third-party beneficiary.

Except as it otherwise provides, this Agreement applies, without limitation, to claims based upon or related to discrimination, harassment, retaliation, defamation (including post-employment defamation or retaliation), breach of a contract or covenant, privacy, fraud, negligence, breach of fiduciary duty, trade secrets, unfair competition, wages, minimum wage and overtime or other compensation or any monies claimed to be owed, meal breaks and rest periods, seating, termination, tort claims, common law claims, equitable claims, and claims arising under the Defend Trade Secrets Act, Fair Credit Reporting Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, False Claims Act, state statutes or regulations addressing the same or similar subject matters, any and all claims for violation of any federal, state

or other governmental law, statute, regulation, or ordinance.

The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, scope, applicability, enforceability, or waiver of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable. However, the preceding sentence does not apply to any claims under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, and it does not apply to the Class Action Waiver or PAGA Individual Action Requirement. Notwithstanding any contrary language in this Agreement (or AAA Rules discussed below), any claim that all or any part of the Class Action Waiver or PAGA Individual Action Requirement is unenforceable, inapplicable, unconscionable, or void or voidable, will be determined only by a court of competent jurisdiction and not by an arbitrator.

2) **LIMITATION ON HOW THIS AGREEMENT APPLIES AND CLAIMS NOT COVERED BY THIS AGREEMENT:** These claims are not covered under this Agreement: (i) claims for workers compensation benefits, state disability insurance and unemployment insurance benefits; however, this Agreement applies to discrimination or retaliation claims based upon seeking such benefits; (ii) claims for benefits under employee benefit plans covered by the Employee Retirement Income Security Act of 1974 ("ERISA"); however, this Agreement does apply to any claims for breach of fiduciary duty, for penalties, or alleging any other violation of ERISA, even if such claim is combined with a claim for benefits; (iii) disputes between the parties that may not be subject to pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act; (iv) disputes that cannot be arbitrated or subject to a pre-dispute arbitration agreement under applicable law (after application of Federal Arbitration Act preemption); and (v) disputes that may not be subject to a pre-dispute arbitration agreement under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (at Employee's election). If any claim(s) not covered under this Agreement above are combined with claims that are covered under this

Agreement, the covered claims will be arbitrated and are covered under this Agreement.

Nothing in this Agreement prevents Employee from making a report to or filing a claim or charge with a governmental agency, including without limitation, the Equal Employment Opportunity Commission, U.S. Department of Labor, National Labor Relations Board, the Securities Exchange Commission, Occupational Safety and Health Administration, or law enforcement agencies, and nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on the claims even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from exhausting administrative remedies by filing any charges or complaints required by any governmental agency (including without limitation the Equal Employment Opportunity Commission and/or similar state or local agency) before bringing a claim in arbitration. The Company will not retaliate against You for filing a claim with an administrative agency or for exercising rights under the National Labor Relations Act. This Agreement also does not prevent or prohibit You from reporting, communicating about, or disclosing claims for discrimination, harassment, retaliation, or sexual abuse.

Either party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such relief. The court to which the application is made is authorized to consider the merits of the arbitrable controversy to the extent it deems necessary in making its ruling, but only to the extent permitted by applicable law. All determinations of final relief, however, will be decided in arbitration.

3)    **ARBITRATION PROCEDURES:**  The arbitration will be administered by the American Arbitration Association ("AAA"), and except as provided in this Agreement, will be under the then current Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available via the internet at www.adr.org/employment or by using a service such as Google to search for "AAA Employment Arbitration Rules"); provided, however, that if there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern. Unless the parties jointly agree otherwise, the Arbitrator must be an attorney experienced in employment law and licensed to practice law in the state in which the arbitration is convened, or a retired judge from

any jurisdiction. Unless the parties jointly agree otherwise, the arbitration will take place in the county where You are employed or were last employed by the Company. If AAA will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted to appoint a neutral arbitrator.

The Arbitrator will be selected as follows: AAA will give each party a list of eleven (11) potential arbitrators (who are subject to the qualifications in the preceding paragraph) drawn from its panel of arbitrators. Each party will have ten (10) calendar days to strike all names on the list it deems unacceptable.  If only one common name remains on the lists of all parties, that individual will be designated as the Arbitrator.  If more than one common name remains on the lists of all parties, the parties will strike names alternately from the list of common names by telephone conference administered by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one remains. If no common name remains on the lists of all parties, AAA will furnish an additional list of eleven (11) arbitrators from which the parties will strike alternately by telephone conference administered by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one name remains.  That person will be designated as the Arbitrator.  If the individual selected cannot serve, AAA will issue another list of eleven (11) arbitrators and repeat the alternate striking selection process.

The Arbitrator may award any remedy to which a party is entitled under applicable law, but remedies will be limited to those that would be available to a party in their individual capacity for the claims presented to the Arbitrator, and no remedies that otherwise would be available to an individual under applicable law will be forfeited. The Arbitrator will apply the substantive federal, state, or local law applicable to the claims asserted.  Either party may file dispositive motions, including without limitation a motion to dismiss and/or a motion for summary judgment and the Arbitrator will apply the standards governing such motions under the Federal Rules of Civil Procedure.

The Arbitrator will issue an award by written opinion within thirty (30) days from the date the arbitration hearing concludes. Unless the Arbitrator requests post-hearing briefs or they are required under applicable law, the parties shall not submit post-arbitration briefs and shall instead engage in closing arguments. The Arbitrator's opinion will be in writing and include the factual and legal basis for the award. Judgment on the award issued by the Arbitrator may be entered in any court of competent jurisdiction.

4) **RIGHT TO OPT OUT OF THE AGREEMENT**: This Agreement is not a mandatory condition of employment. Your decision to be bound or not bound by this Agreement is entirely voluntary. If you do not wish to be bound by this Agreement after signing it, you must send an email to arbitration@carvana.com within thirty (30) days of agreeing to the terms of this Agreement. In that email, you should provide your first and last name and state that you are opting out of this Agreement. If you opt out in accordance with the terms herein and as provided in this section, you will not be subject to any adverse employment action as a consequence of that decision, and neither you nor the Company will be bound by this Agreement. Should you not opt out of this Agreement within thirty (30) days, both you and the Company will be required to arbitrate all claims and disputes covered by this Agreement in accordance with its terms. You have the right to consult with counsel of your choice concerning this Agreement.

5) **CLASS AND COLLECTIVE ACTION WAIVERS:** The Company and I agree to bring any claim on an individual basis only. Accordingly, THE COMPANY AND I WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED, OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION AND THE ARBITRATOR WILL HAVE NO AUTHORITY TO HEAR OR PRESIDE OVER ANY SUCH CLAIM ("Class Action Waiver").

The Class Action Waiver will be severable from this Agreement if there is a final judicial determination that the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such case, the class or collective action must be litigated in a civil court of competent jurisdiction—not in arbitration—but the portion of the Class Action Waiver that is enforceable will be enforced in arbitration.

6) **CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT ("PAGA") INDIVIDUAL ACTION REQUIREMENT**: You and the Company agree to arbitrate PAGA claims on an individual basis only. Therefore, any claim by You under PAGA to recover Your unpaid wages, penalties, or other individual relief must be arbitrated under this Agreement. The Arbitrator is without authority to preside over any PAGA claim by You on behalf of any other person or joined by or consolidated with another person's or entity's PAGA claim. This PAGA Individual Action Requirement clause will be severable from this Agreement if there is a final judicial determination that it is invalid, unenforceable, unconscionable, void or voidable. In such case, the PAGA action must be litigated in a civil court of competent

jurisdiction—not in arbitration—but the portion of the PAGA Individual Action Requirement that is enforceable will be enforced in arbitration.

7) **NOTICE OF ARBITRATION DEMAND**: The Company and I agree that the party initiating the claim must make a written demand for arbitration of the claim to the other party by the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim. The demand for arbitration must be signed by the party making the demand for arbitration (Employee or authorized representative of the Company, as applicable). The demand for arbitration shall identify the claim(s) asserted and relief and/or remedy sought. Written demand for arbitration to the Company must be sent to its legal department, currently at: Carvana Legal Department, 1930 W. Rio Salado Pkwy, Tempe, AZ 85281. Employee will be given notice of any demand for arbitration by the Company at the last home address in the Company's personnel files. The Arbitrator will resolve all disputes regarding the timeliness or propriety of the demand for arbitration and apply the statute of limitations that would have applied if the claim(s) been brought in court.

8) **DISCOVERY AND SUBPOENAS:** Employee and the Company are entitled to adequate civil discovery sufficient to explore the factual basis of the claims and defenses asserted. Accordingly, each party may take the deposition of three (3) individual fact witnesses and any expert witness designated by another party. Each party also may propound requests for production of documents and ten (10) interrogatory requests to the other party. And, each party may also subpoena witnesses and documents for discovery or the arbitration hearing, including testimony and documents relevant to the case from third parties, in accordance with any applicable state or federal law. Additional discovery may be conducted by mutual stipulation, and the Arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such requests, based on the arbitrator's determination whether additional discovery is warranted by the circumstances of a particular case.

9) **FEES AND COSTS:** You and the Company shall follow the AAA Rules applicable to initial filing fees, but You will not be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. The Company will pay any remaining portion of the initial fee and also will pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees. Each party will pay for its own costs and attorneys' fees, if any, except that the Arbitrator may award

reasonable fees to the prevailing party as provided by law. The Arbitrator will resolve any disputes regarding costs/fees associated with arbitration.

10)  **OFFER OF JUDGMENT**:  A party may make an offer of judgment in a manner consistent with, and within the time limitations, consequences, and effects provided in Rule 68 of the Federal Rules of Civil Procedure.

11)  **CONSIDERATION:**  The mutual obligations by the Company and You to arbitrate provide consideration for this Agreement. Your consideration for employment, employment, and/or continued employment provide additional consideration for this Agreement.

12)  **GOVERNING LAW**.  Employee and the Company stipulate and agree the Federal Arbitration Act ("FAA") governs this Agreement, including its interpretation, applicability, enforcement, and all arbitration proceedings. If a court determines the FAA does not apply to a particular dispute or to one or both parties, Employee and the Company stipulate and agree the Delaware Uniform

Arbitration Act will apply, and the parties acknowledge the Company is incorporated in Delaware.  If for any reason, the Delaware Uniform Arbitration Act does not apply, the parties agree the arbitration law of the state where the arbitration is to be convened will apply.

13)  **ENTIRE AGREEMENT AND CONSTRUCTION**: This is the complete agreement of the parties about arbitration of covered disputes. Any contractual disclaimers the Company has in any handbooks, other agreements, or policies do not apply to this Agreement. Subject to the "Class and Collective Action Waivers" and "PAGA Individual Action Requirement" sections above (which address severability as applied to those sections), if any provision of this Agreement is adjudged to be invalid, unenforceable, unconscionable, void or voidable, in whole or in part, such adjudication will not affect the validity of the remainder of the Agreement. All remaining provisions will remain in full force and effect. This Agreement does not alter the "at-will" status of Your employment.

---

This Mutual Arbitration Agreement is a contract and covers important issues relating to Your rights. It is Your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of Your choice outside the Company or to refrain from doing so if that is Your choice.

Este Acuerdo de Arbitraje Mutuo es un contrato y cubre aspectos importantes de tus derechos. Es tu absoluta responsabilidad leerlo y entenderlo. Tienes la libertad de buscar asistencia de asesores independientes de tu elección fuera de la Empresa o de abstenerte de buscar asistencia si esa es tu elección.

---

## AGREED BY EMPLOYEE AND THE COMPANY

**I HAVE CAREFULLY READ AND UNDERSTAND THE MUTUAL ARBITRATION AGREEMENT AND AGREE TO ITS TERMS. BY EXECUTING THIS AGREEMENT BELOW OR ON SEPARATE SCREEN (BY HAND, AND/OR CHECKING THE BOX IN WORKDAY, OR USING OTHER ELECTRONIC MEANS, I AM AGREEING TO AND ACCEPTING THIS AGREEMENT, AND THE COMPANY AND I ARE GIVING UP OUR RIGHTS TO A COURT OR JURY TRIAL AND AGREEING TO ARBITRATE CLAIMS OR DISPUTES COVERED BY THIS AGREEMENT. I ALSO AUTHORIZE THE USE OF AN ELECTRONIC MEANS OF ACCEPTANCE ("ELECTRONIC SIGNATURE") AS MY ACCEPTANCE TO THIS AGREEMENT, AND UNDERSTAND AND ACKNOWLEDGE THAT MY ELECTRONIC SIGNATURE IS INTENDED TO SHOW MY ACCEPTANCE AND IS AS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE.**

_____          _____
EMPLOYEE SIGNATURE                                                               DATE

_____
EMPLOYEE NAME PRINTED

**AGREED: *CARVANA CO.***

# EXHIBIT B



Maintain Worker Documents: Anthony Tucker
(Terminated)

02:03 PM
05/23/2024
Page 1 of 4

Reviewed Documents
Standard Documents

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Use of Carvana Vehicles Policy | 09/22/2020 | Use of Carvana Vehicles (2).pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:25 AM | By checking this box, I acknowledge that I have received and completely reviewed the Use of Carvana Vehicles policy and will adhere to the guidelines outlined in the policy.<br><br>I understand and agree that if I have questions regarding any information contained in the policy, it is my responsibility to seek clarification and answers from my supervisor or any other member of my Leadership Team. I acknowledge and agree that failure to follow the policies and procedures outlined in the Use of Carvana Vehicles policy may result in disciplinary action up to and including termination. |
| Carvana Mutual Arbitration Agreement | 03/15/2021 | CARVANA - MUTUAL ARBITRATION AGREEMENT EMPLOYEES NON-CA.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Arbitration Agreement. I understand that if I have questions or wish to opt-out of the Arbitration Agreement, I may do so by emailing arbitration@carvana.com. |
| Vehicle Policy and Agreement | 01/01/1900 | Vehicle Policy and Agreement - EEs driving on the job - revised 5-13-16 .pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Vehicle Policy and Agreement and agree to the terms therein. |
| Communication Policy | 12/19/2018 | Communication Policy.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Communication Policy and agree to the terms therein. |
| ERISA Consent Form | 02/08/2019 | ERISA Consent Form.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | I acknowledge that I have read the contents of this notice and understand that I am entitled to withdraw my consent at any time at no cost to myself. I understand that I have the right to receive paper copies of all Employee Benefit notices, including Summary Plan Descriptions and plan amendments, upon request at no additional charge. I also confirm that I have the ability and the necessary equipment and software to access the Employee Benefits websites, view the documents and print copies. |


CARVANA

Maintain Worker Documents: Anthony Tucker
(Terminated)

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| COVID Safety Pledge | 06/12/2020 | COVID Safety Pledge.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana COVID-19 Health & Safety Pledge and will adhere to the policies outlined in the pledge.<br><br>I understand and agree that if I have questions regarding any information contained in the pledge, it is my responsibility to seek clarification and answers from the managers at my site, or the Response Team at responseteam@carvana.com. I acknowledge and agree that failure to follow the policies and procedures set forth in the pledge may result in disciplinary action up to and including termination. |
| Carvana Travel and Expense Policy | 06/05/2021 | Travel and Entertainment Expense Policy.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Travel and Expense Policy and agree to the terms therein. |
| Carvana Photo Release Form | 01/01/1900 | Carvana Photo Release Form.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Photo Release Agreement and agree to the terms therein. |
| Rules for Carvana Confidential Information | 07/16/2018 | Rules for Carvana Confidential Information (v. 2018.1).pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Confidential Information Agreement and agree to the terms therein. |
| 2021 Employee Handbook | 03/15/2021 | 2021 Employee Handbook.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Employee Handbook. I agree to comply with the policies and procedures set forth in the handbook. I understand and agree that if I have questions regarding any information contained in the handbook, it is my responsibility to seek clarification and answers.  I acknowledge and agree that failure to abide by the policies and procedures set forth in the handbook may result in disciplinary action up to and including termination.  Further, I understand and agree that the handbook is not a contract of employment, and that nothing in the handbook changes the "at-will" nature of my employment. |

Maintain Worker Documents: Anthony Tucker
(Terminated)

CARVANA

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Carvana Code of Conduct | 09/18/2018 | CarvanaCode_FINAL 9.12.2018.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 07/12/2021 06:29:57 AM | By acknowledging below, I am confirming that I have received and read the Carvana Code of Conduct and that I understand and am in compliance with its terms. I also acknowledge that Carvana may issue other policies from time to time which govern employee conduct. All of these other policies are incorporated by reference into the Carvana Code of Conduct. I acknowledge that if I fail to comply with this Code of Conduct or other published Carvana policies that I may be subject to disciplinary action. |
| 2022 Employee Handbook | 04/25/2022 | 2022 Employee Handbook.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 05/06/2022 12:10:23 PM | I hereby acknowledge receipt of Carvana's 2022 Employee Handbook and affirm that I have reviewed or been given the opportunity to review it.  I recognize it is my responsibility to read and comply with the policies in the handbook. I acknowledge that this is my responsibility to seek answers to any questions about information in the handbook. I also understand and agree that nothing in the Employee Handbook creates or is intended to create a promise or representation of continued employment. I affirm that my employment relationship with Carvana is employment-at-will; my employment may be terminated at the will of either the company or myself; and my at-will employment supersedes all prior agreements, understandings, and representations concerning my employment with Carvana.  I understand and agree that no manager, supervisor, or representative of the company other than a Carvana corporate officer has the authority to enter into any agreement, express or implied, for employment for any specific period or make any agreement for employment that changes my at-will employment. |

Maintain Worker Documents: Anthony Tucker
(Terminated)

CARVANA

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| 2023 Employee Handbook | 12/19/2022 | 2023-EmployeeHandbook_Final.pdf | Acknowledgment | Anthony Tucker (Terminated) Anthony Tucker [C] (Contract Ended) | 01/14/2023 05:10:49 AM | I hereby acknowledge receipt of Carvana's 2023 Employee Handbook and affirm that I have reviewed or been given the opportunity to review it.  I recognize it is my responsibility to read and comply with the policies in the handbook. I acknowledge that it is my responsibility to seek answers to any questions about information in the handbook. I also understand and agree that nothing in the Employee Handbook creates or is intended to create a promise or representation of continued employment. I affirm that my employment is employment-at-will; my employment may be terminated at the will of either the company or myself; and my at-will employment supersedes all prior agreements, understandings, and representations concerning my employment with the company.  I understand and agree that no manager, supervisor, or representative of the company other than a corporate officer has the authority to enter into any agreement, express or implied, for employment for any specific period or make any agreement for employment that changes my at-will employment. |

# EXHIBIT C



Maintain Worker Documents: Carlo Eastin
(Terminated)

Reviewed Documents
Standard Documents

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Use of Carvana Vehicles Policy | 09/22/2020 | Use of Carvana Vehicles (2).pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:30:56 AM | By checking this box, I acknowledge that I have received and completely reviewed the Use of Carvana Vehicles policy and will adhere to the guidelines outlined in the policy.<br><br>I understand and agree that if I have questions regarding any information contained in the policy, it is my responsibility to seek clarification and answers from my supervisor or any other member of my Leadership Team. I acknowledge and agree that failure to follow the policies and procedures outlined in the Use of Carvana Vehicles policy may result in disciplinary action up to and including termination. |
| Carvana Mutual Arbitration Agreement | 03/15/2021 | CARVANA - MUTUAL ARBITRATION AGREEMENT EMPLOYEES NON-CA.pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Arbitration Agreement. I understand that if I have questions or wish to opt-out of the Arbitration Agreement, I may do so by emailing arbitration@carvana.com. |
| Vehicle Policy and Agreement | 01/01/1900 | Vehicle Policy and Agreement - EEs driving on the job - revised 5-13-16 .pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Vehicle Policy and Agreement and agree to the terms therein. |
| Communication Policy | 12/19/2018 | Communication Policy.pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Communication Policy and agree to the terms therein. |
| ERISA Consent Form and Health Insurance Coverage Notice | 12/03/2021 | 2022 ERISA Consent for Electronic Materials+Mark etplace Notice_C,LLC&CL,LLC.pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | I acknowledge that I have read the contents of this notice and understand that I am entitled to withdraw my consent at any time at no cost to myself. I understand that I have the right to receive paper copies of all Employee Benefit notices, including Summary Plan Descriptions and plan amendments, upon request at no additional charge. I also confirm that I have the ability and the necessary equipment and software to access the Employee Benefits websites, view the documents and print copies. |



Maintain Worker Documents: Carlo Eastin
(Terminated)

02:05 PM
05/23/2024
Page 2 of 3

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| COVID Safety Pledge | 06/12/2020 | COVID Safety Pledge.pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana COVID-19 Health & Safety Pledge and will adhere to the policies outlined in the pledge.<br><br>I understand and agree that if I have questions regarding any information contained in the pledge, it is my responsibility to seek clarification and answers from the managers at my site, or the Response Team at responseteam@carvana.com. I acknowledge and agree that failure to follow the policies and procedures set forth in the pledge may result in disciplinary action up to and including termination. |
| Carvana Travel and Expense Policy | 11/16/2021 | Travel and Entertainment Expense Policy.pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Travel and Expense Policy and agree to the terms therein. |
| Carvana Photo Release Form | 01/01/1900 | Carvana Photo Release Form.pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Photo Release Agreement and agree to the terms therein. |
| Rules for Carvana Confidential Information | 07/16/2018 | Rules for Carvana Confidential Information (v. 2018.1).pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Confidential Information Agreement and agree to the terms therein. |
| 2021 Employee Handbook | 03/15/2021 | 2021 Employee Handbook.pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Employee Handbook. I agree to comply with the policies and procedures set forth in the handbook. I understand and agree that if I have questions regarding any information contained in the handbook, it is my responsibility to seek clarification and answers.  I acknowledge and agree that failure to abide by the policies and procedures set forth in the handbook may result in disciplinary action up to and including termination.  Further, I understand and agree that the handbook is not a contract of employment, and that nothing in the handbook changes the "at-will" nature of my employment. |

Maintain Worker Documents: Carlo Eastin
(Terminated)

CARVANA

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Carvana Code of Conduct | 09/18/2018 | CarvanaCode_FINAL 9.12.2018.pdf | Acknowledgment | Carlo Eastin (Terminated) | 02/14/2022 08:49:55 AM | By acknowledging below, I am confirming that I have received and read the Carvana Code of Conduct and that I understand and am in compliance with its terms. I also acknowledge that Carvana may issue other policies from time to time which govern employee conduct. All of these other policies are incorporated by reference into the Carvana Code of Conduct. I acknowledge that if I fail to comply with this Code of Conduct or other published Carvana policies that I may be subject to disciplinary action. |
| 2022 Employee Handbook | 04/25/2022 | 2022 Employee Handbook.pdf | Acknowledgment | Carlo Eastin (Terminated) | 05/10/2022 11:09:33 AM | I hereby acknowledge receipt of Carvana's 2022 Employee Handbook and affirm that I have reviewed or been given the opportunity to review it. I recognize it is my responsibility to read and comply with the policies in the handbook. I acknowledge that this is my responsibility to seek answers to any questions about information in the handbook. I also understand and agree that nothing in the Employee Handbook creates or is intended to create a promise or representation of continued employment. I affirm that my employment relationship with Carvana is employment-at-will; my employment may be terminated at the will of either the company or myself; and my at-will employment supersedes all prior agreements, understandings, and representations concerning my employment with Carvana. I understand and agree that no manager, supervisor, or representative of the company other than a Carvana corporate officer has the authority to enter into any agreement, express or implied, for employment for any specific period or make any agreement for employment that changes my at-will employment. |

# EXHIBIT D



Maintain Worker Documents: Darius Palmer
(Terminated)

| Worker Document | Document Category | Comment | Attachments | | |
|---|---|---|---|---|---|
| | | | Alternative Text | File Name | Upload Date |
| IMG-6164.jpg | Licenses | Drivers license | | IMG-6164.jpg | 06/09/2022 09:17:00 AM |

Reviewed Documents
Standard Documents

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Use of Carvana Vehicles Policy | 09/22/2020 | Use of Carvana Vehicles (2).pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:37:46 AM | By checking this box, I acknowledge that I have received and completely reviewed the Use of Carvana Vehicles policy and will adhere to the guidelines outlined in the policy.<br><br>I understand and agree that if I have questions regarding any information contained in the policy, it is my responsibility to seek clarification and answers from my supervisor or any other member of my Leadership Team. I acknowledge and agree that failure to follow the policies and procedures outlined in the Use of Carvana Vehicles policy may result in disciplinary action up to and including termination. |
| Carvana Mutual Arbitration Agreement | 03/15/2021 | CARVANA - MUTUAL ARBITRATION AGREEMENT EMPLOYEES NON-CA.pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Arbitration Agreement. I understand that if I have questions or wish to opt-out of the Arbitration Agreement, I may do so by emailing arbitration@carvana.com. |
| Vehicle Policy and Agreement | 01/01/1900 | Vehicle Policy and Agreement - EEs driving on the job - revised 5-13-16 .pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Vehicle Policy and Agreement and agree to the terms therein. |
| Communication Policy | 12/19/2018 | Communication Policy.pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Communication Policy and agree to the terms therein. |

Maintain Worker Documents: Darius Palmer
(Terminated)

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| ERISA Consent Form and Health Insurance Coverage Notice | 12/03/2021 | 2022 ERISA Consent for Electronic Materials+Marketplace Notice_C,LLC&CL,LLC.pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | I acknowledge that I have read the contents of this notice and understand that I am entitled to withdraw my consent at any time at no cost to myself. I understand that I have the right to receive paper copies of all Employee Benefit notices, including Summary Plan Descriptions and plan amendments, upon request at no additional charge. I also confirm that I have the ability and the necessary equipment and software to access the Employee Benefits websites, view the documents and print copies. |
| COVID Safety Pledge | 06/12/2020 | COVID Safety Pledge.pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana COVID-19 Health & Safety Pledge and will adhere to the policies outlined in the pledge. I understand and agree that if I have questions regarding any information contained in the pledge, it is my responsibility to seek clarification and answers from the managers at my site, or the Response Team at responseteam@carvana.com. I acknowledge and agree that failure to follow the policies and procedures set forth in the pledge may result in disciplinary action up to and including termination. |
| Carvana Travel and Expense Policy | 11/16/2021 | Travel and Entertainment Expense Policy.pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Travel and Expense Policy and agree to the terms therein. |
| Carvana Photo Release Form | 01/01/1900 | Carvana Photo Release Form.pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Photo Release Agreement and agree to the terms therein. |
| Rules for Carvana Confidential Information | 07/16/2018 | Rules for Carvana Confidential Information (v. 2018.1).pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Confidential Information Agreement and agree to the terms therein. |

Maintain Worker Documents: Darius Palmer
(Terminated)

02:06 PM
05/23/2024
Page 3 of 3

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| 2021 Employee Handbook | 03/15/2021 | 2021 Employee Handbook.pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Employee Handbook. I agree to comply with the policies and procedures set forth in the handbook. I understand and agree that if I have questions regarding any information contained in the handbook, it is my responsibility to seek clarification and answers.  I acknowledge and agree that failure to abide by the policies and procedures set forth in the handbook may result in disciplinary action up to and including termination.  Further, I understand and agree that the handbook is not a contract of employment, and that nothing in the handbook changes the "at-will" nature of my employment. |
| Carvana Code of Conduct | 09/18/2018 | CarvanaCode_FINAL 9.12.2018.pdf | Acknowledgment | Darius Palmer (Terminated) | 01/11/2022 11:55:52 AM | By acknowledging below, I am confirming that I have received and read the Carvana Code of Conduct and that I understand and am in compliance with its terms. I also acknowledge that Carvana may issue other policies from time to time which govern employee conduct. All of these other policies are incorporated by reference into the Carvana Code of Conduct. I acknowledge that if I fail to comply with this Code of Conduct or other published Carvana policies that I may be subject to disciplinary action. |
| 2022 Employee Handbook | 04/25/2022 | 2022 Employee Handbook.pdf | Acknowledgment | Darius Palmer (Terminated) | 04/28/2022 06:38:28 AM | I hereby acknowledge receipt of Carvana's 2022 Employee Handbook and affirm that I have reviewed or been given the opportunity to review it.  I recognize it is my responsibility to read and comply with the policies in the handbook. I acknowledge that this is my responsibility to seek answers to any questions about information in the handbook. I also understand and agree that nothing in the Employee Handbook creates or is intended to create a promise or representation of continued employment. I affirm that my employment relationship with Carvana is employment-at-will; my employment may be terminated at the will of either the company or myself; and my at-will employment supersedes all prior agreements, understandings, and representations concerning my employment with Carvana.  I understand and agree that no manager, supervisor, or representative of the company other than a Carvana corporate officer has the authority to enter into any agreement, express or implied, for employment for any specific period or make any agreement for employment that changes my at-will employment. |



Maintain Worker Documents: James Moore
(Terminated)

CARVANA

Reviewed Documents
Standard Documents

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Use of Carvana Vehicles Policy | 09/22/2020 | Use of Carvana Vehicles (2).pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:14 PM | By checking this box, I acknowledge that I have received and completely reviewed the Use of Carvana Vehicles policy and will adhere to the guidelines outlined in the policy.

I understand and agree that if I have questions regarding any information contained in the policy, it is my responsibility to seek clarification and answers from my supervisor or any other member of my Leadership Team. I acknowledge and agree that failure to follow the policies and procedures outlined in the Use of Carvana Vehicles policy may result in disciplinary action up to and including termination. |
| Carvana Mutual Arbitration Agreement | 03/15/2021 | CARVANA - MUTUAL ARBITRATION AGREEMENT EMPLOYEES NON-CA.pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Arbitration Agreement. I understand that if I have questions or wish to opt-out of the Arbitration Agreement, I may do so by emailing arbitration@carvana.com. |
| Vehicle Policy and Agreement | 01/01/1900 | Vehicle Policy and Agreement - EEs driving on the job - revised 5-13-16 .pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Vehicle Policy and Agreement and agree to the terms therein. |
| Communication Policy | 12/19/2018 | Communication Policy.pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Communication Policy and agree to the terms therein. |
| ERISA Consent Form and Health Insurance Coverage Notice | 12/03/2021 | 2022 ERISA Consent for Electronic Materials+Marketplace Notice_C,LLC&CL,LLC.pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | I acknowledge that I have read the contents of this notice and understand that I am entitled to withdraw my consent at any time at no cost to myself. I understand that I have the right to receive paper copies of all Employee Benefit notices, including Summary Plan Descriptions and plan amendments, upon request at no additional charge. I also confirm that I have the ability and the necessary equipment and software to access the Employee Benefits websites, view the documents and print copies. |

Maintain Worker Documents: James Moore
(Terminated)

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| COVID Safety Pledge | 06/12/2020 | COVID Safety Pledge.pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana COVID-19 Health & Safety Pledge and will adhere to the policies outlined in the pledge.<br><br>I understand and agree that if I have questions regarding any information contained in the pledge, it is my responsibility to seek clarification and answers from the managers at my site, or the Response Team at responseteam@carvana.com. I acknowledge and agree that failure to follow the policies and procedures set forth in the pledge may result in disciplinary action up to and including termination. |
| Carvana Travel and Expense Policy | 11/16/2021 | Travel and Entertainment Expense Policy.pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Travel and Expense Policy and agree to the terms therein. |
| Carvana Photo Release Form | 01/01/1900 | Carvana Photo Release Form.pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Photo Release Agreement and agree to the terms therein. |
| Rules for Carvana Confidential Information | 07/16/2018 | Rules for Carvana Confidential Information (v. 2018.1).pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Confidential Information Agreement and agree to the terms therein. |
| 2021 Employee Handbook | 03/15/2021 | 2021 Employee Handbook.pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Employee Handbook. I agree to comply with the policies and procedures set forth in the handbook. I understand and agree that if I have questions regarding any information contained in the handbook, it is my responsibility to seek clarification and answers. I acknowledge and agree that failure to abide by the policies and procedures set forth in the handbook may result in disciplinary action up to and including termination. Further, I understand and agree that the handbook is not a contract of employment, and that nothing in the handbook changes the "at-will" nature of my employment. |

Maintain Worker Documents: James Moore
(Terminated)

02:07 PM
05/23/2024
Page 3 of 3

CARVANA

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Carvana Code of Conduct | 09/18/2018 | CarvanaCode_FINAL 9.12.2018.pdf | Acknowledgment | James Moore (Terminated) | 01/05/2022 01:18:01 PM | By acknowledging below, I am confirming that I have received and read the Carvana Code of Conduct and that I understand and am in compliance with its terms. I also acknowledge that Carvana may issue other policies from time to time which govern employee conduct. All of these other policies are incorporated by reference into the Carvana Code of Conduct. I acknowledge that if I fail to comply with this Code of Conduct or other published Carvana policies that I may be subject to disciplinary action. |
| 2022 Employee Handbook | 04/25/2022 | 2022 Employee Handbook.pdf | Acknowledgment | James Moore (Terminated) | 04/25/2022 06:34:00 PM | I hereby acknowledge receipt of Carvana's 2022 Employee Handbook and affirm that I have reviewed or been given the opportunity to review it.  I recognize it is my responsibility to read and comply with the policies in the handbook. I acknowledge that this is my responsibility to seek answers to any questions about information in the handbook. I also understand and agree that nothing in the Employee Handbook creates or is intended to create a promise or representation of continued employment. I affirm that my employment relationship with Carvana is employment-at-will; my employment may be terminated at the will of either the company or myself; and my at-will employment supersedes all prior agreements, understandings, and representations concerning my employment with Carvana.  I understand and agree that no manager, supervisor, or representative of the company other than a Carvana corporate officer has the authority to enter into any agreement, express or implied, for employment for any specific period or make any agreement for employment that changes my at-will employment. |





Maintain Worker Documents: Lamar Isidore
(Terminated)

| Worker Document | Document Category | Attachments | | |
| --- | --- | --- | --- | --- |
| | | Alternative Text | File Name | Upload Date |
| 20210428_093820.jpg | Licenses | | 20210428_093820.jpg | 02/19/2022 09:12:37 AM |
| 1645287296221838448066 1581526557.jpg | Licenses | | 16452872962218384480661581526557.jpg | 02/19/2022 09:15:21 AM |

Reviewed Documents

Standard Documents

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
| --- | --- | --- | --- | --- | --- | --- |
| Use of Carvana Vehicles Policy | 09/22/2020 | Use of Carvana Vehicles (2).pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:07 PM | By checking this box, I acknowledge that I have received and completely reviewed the Use of Carvana Vehicles policy and will adhere to the guidelines outlined in the policy.<br><br>I understand and agree that if I have questions regarding any information contained in the policy, it is my responsibility to seek clarification and answers from my supervisor or any other member of my Leadership Team. I acknowledge and agree that failure to follow the policies and procedures outlined in the Use of Carvana Vehicles policy may result in disciplinary action up to and including termination. |
| Carvana Mutual Arbitration Agreement | 03/15/2021 | CARVANA - MUTUAL ARBITRATION AGREEMENT EMPLOYEES NON-CA.pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Arbitration Agreement. I understand that if I have questions or wish to opt-out of the Arbitration Agreement, I may do so by emailing arbitration@carvana.com. |
| Vehicle Policy and Agreement | 01/01/1900 | Vehicle Policy and Agreement - EEs driving on the job - revised 5-13-16 .pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Vehicle Policy and Agreement and agree to the terms therein. |
| Communication Policy | 12/19/2018 | Communication Policy.pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Communication Policy and agree to the terms therein. |

Maintain Worker Documents: Lamar Isidore
(Terminated)

CARVANA

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| ERISA Consent Form and Health Insurance Coverage Notice | 12/03/2021 | 2022 ERISA Consent for Electronic Materials+Marketplace Notice_C,LLC&CL,LLC.pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | I acknowledge that I have read the contents of this notice and understand that I am entitled to withdraw my consent at any time at no cost to myself. I understand that I have the right to receive paper copies of all Employee Benefit notices, including Summary Plan Descriptions and plan amendments, upon request at no additional charge. I also confirm that I have the ability and the necessary equipment and software to access the Employee Benefits websites, view the documents and print copies. |
| COVID Safety Pledge | 06/12/2020 | COVID Safety Pledge.pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana COVID-19 Health & Safety Pledge and will adhere to the policies outlined in the pledge.

I understand and agree that if I have questions regarding any information contained in the pledge, it is my responsibility to seek clarification and answers from the managers at my site, or the Response Team at responseteam@carvana.com. I acknowledge and agree that failure to follow the policies and procedures set forth in the pledge may result in disciplinary action up to and including termination. |
| Carvana Travel and Expense Policy | 11/16/2021 | Travel and Entertainment Expense Policy.pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Travel and Expense Policy and agree to the terms therein. |
| Carvana Photo Release Form | 01/01/1900 | Carvana Photo Release Form.pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Photo Release Agreement and agree to the terms therein. |
| Rules for Carvana Confidential Information | 07/16/2018 | Rules for Carvana Confidential Information (v. 2018.1).pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By clicking to sign, you acknowledge you have read and understand Carvana's Confidential Information Agreement and agree to the terms therein. |

Maintain Worker Documents: Lamar Isidore
(Terminated)

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| 2021 Employee Handbook | 03/15/2021 | 2021 Employee Handbook.pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Employee Handbook. I agree to comply with the policies and procedures set forth in the handbook. I understand and agree that if I have questions regarding any information contained in the handbook, it is my responsibility to seek clarification and answers. I acknowledge and agree that failure to abide by the policies and procedures set forth in the handbook may result in disciplinary action up to and including termination. Further, I understand and agree that the handbook is not a contract of employment, and that nothing in the handbook changes the "at-will" nature of my employment. |
| Carvana Code of Conduct | 09/18/2018 | CarvanaCode_FINAL 9.12.2018.pdf | Acknowledgment | Lamar Isidore (Terminated) | 02/09/2022 03:17:42 PM | By acknowledging below, I am confirming that I have received and read the Carvana Code of Conduct and that I understand and am in compliance with its terms. I also acknowledge that Carvana may issue other policies from time to time which govern employee conduct. All of these other policies are incorporated by reference into the Carvana Code of Conduct. I acknowledge that if I fail to comply with this Code of Conduct or other published Carvana policies that I may be subject to disciplinary action. |
| 2022 Employee Handbook | 04/25/2022 | 2022 Employee Handbook.pdf | Acknowledgment | Lamar Isidore (Terminated) | 04/25/2022 05:24:51 PM | I hereby acknowledge receipt of Carvana's 2022 Employee Handbook and affirm that I have reviewed or been given the opportunity to review it. I recognize it is my responsibility to read and comply with the policies in the handbook. I acknowledge that this is my responsibility to seek answers to any questions about information in the handbook. I also understand and agree that nothing in the Employee Handbook creates or is intended to create a promise or representation of continued employment. I affirm that my employment relationship with Carvana is employment-at-will; my employment may be terminated at the will of either the company or myself; and my at-will employment supersedes all prior agreements, understandings, and representations concerning my employment with Carvana. I understand and agree that no manager, supervisor, or representative of the company other than a Carvana corporate officer has the authority to enter into any agreement, express or implied, for employment for any specific period or make any agreement for employment that changes my at-will employment. |

CARVANA

Maintain Worker Documents: Lamar Isidore
(Terminated)

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| 2023 Employee Handbook | 12/19/2022 | 2023-EmployeeHandbook_Final.pdf | Acknowledgment | Lamar Isidore (Terminated) | 01/14/2023 06:44:46 PM | I hereby acknowledge receipt of Carvana's 2023 Employee Handbook and affirm that I have reviewed or been given the opportunity to review it.  I recognize it is my responsibility to read and comply with the policies in the handbook. I acknowledge that it is my responsibility to seek answers to any questions about information in the handbook. I also understand and agree that nothing in the Employee Handbook creates or is intended to create a promise or representation of continued employment. I affirm that my employment is employment-at-will; my employment may be terminated at the will of either the company or myself; and my at-will employment supersedes all prior agreements, understandings, and representations concerning my employment with the company.  I understand and agree that no manager, supervisor, or representative of the company other than a corporate officer has the authority to enter into any agreement, express or implied, for employment for any specific period or make any agreement for employment that changes my at-will employment. |

# EXHIBIT G



## Maintain Worker Documents: Purnell Russell
## (Terminated)

| Worker Document | Document Category | Attachments | | |
|---|---|---|---|---|
| | | Alternative Text | File Name | Upload Date |
| P. Russell term dispute email chain.pdf | Post Employment Disputes | | P. Russell term dispute email chain.pdf | 07/21/2022 02:55:10 PM |

Reviewed Documents
Standard Documents

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| Use of Carvana Vehicles Policy | 09/22/2020 | Use of Carvana Vehicles (2).pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:07 AM | By checking this box, I acknowledge that I have received and completely reviewed the Use of Carvana Vehicles policy and will adhere to the guidelines outlined in the policy.<br><br>I understand and agree that if I have questions regarding any information contained in the policy, it is my responsibility to seek clarification and answers from my supervisor or any other member of my Leadership Team. I acknowledge and agree that failure to follow the policies and procedures outlined in the Use of Carvana Vehicles policy may result in disciplinary action up to and including termination. |
| Carvana Mutual Arbitration Agreement | 03/15/2021 | CARVANA - MUTUAL ARBITRATION AGREEMENT EMPLOYEES NON-CA.pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Arbitration Agreement. I understand that if I have questions or wish to opt-out of the Arbitration Agreement, I may do so by emailing arbitration@carvana.com. |
| Vehicle Policy and Agreement | 01/01/1900 | Vehicle Policy and Agreement - EEs driving on the job - revised 5-13-16 .pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Vehicle Policy and Agreement and agree to the terms therein. |
| Communication Policy | 12/19/2018 | Communication Policy.pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Communication Policy and agree to the terms therein. |

Maintain Worker Documents: Purnell Russell
(Terminated)

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| ERISA Consent Form and Health Insurance Coverage Notice | 12/03/2021 | 2022 ERISA Consent for Electronic Materials+Mark etplace Notice_C,LLC&CL,LLC.pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | I acknowledge that I have read the contents of this notice and understand that I am entitled to withdraw my consent at any time at no cost to myself. I understand that I have the right to receive paper copies of all Employee Benefit notices, including Summary Plan Descriptions and plan amendments, upon request at no additional charge. I also confirm that I have the ability and the necessary equipment and software to access the Employee Benefits websites, view the documents and print copies. |
| COVID Safety Pledge | 06/12/2020 | COVID Safety Pledge.pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana COVID-19 Health & Safety Pledge and will adhere to the policies outlined in the pledge.<br><br>I understand and agree that if I have questions regarding any information contained in the pledge, it is my responsibility to seek clarification and answers from the managers at my site, or the Response Team at responseteam@carvana.com. I acknowledge and agree that failure to follow the policies and procedures set forth in the pledge may result in disciplinary action up to and including termination. |
| Carvana Travel and Expense Policy | 11/16/2021 | Travel and Entertainment Expense Policy.pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Travel and Expense Policy and agree to the terms therein. |
| Carvana Photo Release Form | 01/01/1900 | Carvana Photo Release Form.pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Photo Release Agreement and agree to the terms therein. |
| Rules for Carvana Confidential Information | 07/16/2018 | Rules for Carvana Confidential Information (v. 2018.1).pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By clicking to sign, you acknowledge you have read and understand Carvana's Confidential Information Agreement and agree to the terms therein. |

Maintain Worker Documents: Purnell Russell
(Terminated)

CARVANA

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Signature Statement |
|---|---|---|---|---|---|---|
| 2021 Employee Handbook | 03/15/2021 | 2021 Employee Handbook.pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By checking this box, I acknowledge that I have received and completely reviewed the Carvana Employee Handbook. I agree to comply with the policies and procedures set forth in the handbook. I understand and agree that if I have questions regarding any information contained in the handbook, it is my responsibility to seek clarification and answers. I acknowledge and agree that failure to abide by the policies and procedures set forth in the handbook may result in disciplinary action up to and including termination. Further, I understand and agree that the handbook is not a contract of employment, and that nothing in the handbook changes the "at-will" nature of my employment. |
| Carvana Code of Conduct | 09/18/2018 | CarvanaCode_FINAL 9.12.2018.pdf | Acknowledgment | Purnell Russell (Terminated) | 02/16/2022 09:52:26 AM | By acknowledging below, I am confirming that I have received and read the Carvana Code of Conduct and that I understand and am in compliance with its terms. I also acknowledge that Carvana may issue other policies from time to time which govern employee conduct. All of these other policies are incorporated by reference into the Carvana Code of Conduct. I acknowledge that if I fail to comply with this Code of Conduct or other published Carvana policies that I may be subject to disciplinary action. |
| 2022 Employee Handbook | 04/25/2022 | 2022 Employee Handbook.pdf | Acknowledgment | Purnell Russell (Terminated) | 05/26/2022 12:38:45 PM | I hereby acknowledge receipt of Carvana's 2022 Employee Handbook and affirm that I have reviewed or been given the opportunity to review it. I recognize it is my responsibility to read and comply with the policies in the handbook. I acknowledge that this is my responsibility to seek answers to any questions about information in the handbook. I also understand and agree that nothing in the Employee Handbook creates or is intended to create a promise or representation of continued employment. I affirm that my employment relationship with Carvana is employment-at-will; my employment may be terminated at the will of either the company or myself; and my at-will employment supersedes all prior agreements, understandings, and representations concerning my employment with Carvana. I understand and agree that no manager, supervisor, or representative of the company other than a Carvana corporate officer has the authority to enter into any agreement, express or implied, for employment for any specific period or make any agreement for employment that changes my at-will employment. |